# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-11026
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

July 20, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

DARIUS LASHUN SPRINGER,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:14-CR-170-1

Before JONES, WIENER, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Darius Lashun Springer was indicted for possession with intent to distribute hydrocodone. The district court denied his pretrial motion to suppress the evidence on the basis that Springer voluntarily consented to the search of his duffel bag. Pursuant to a plea agreement, Springer pleaded guilty to the indictment and was sentenced below the advisory guidelines range to 36 months of imprisonment and two years of

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

supervised release.  Per the agreement, Springer reserved his right to appeal the district court's denial of his motion to suppress.  On appeal, Springer argues that the district court clearly erred in denying his motion because his consent was the result of police coercion.

"The voluntariness of consent is a question of fact to be determined from a totality of the circumstances" and is reviewed for clear error.  *United States v. Solis*, 299 F.3d 420, 436 (5th Cir. 2002) (internal quotation marks and citation omitted).  We analyze the following six factors to determine whether consent to a search was voluntarily given:

> (1) the voluntariness of the defendant's custodial status; (2) the presence of coercive police procedures; (3) the extent and level of the defendant's cooperation with the police; (4) the defendant's awareness of his right to refuse to consent; (5) the defendant's education and intelligence; and (6) the defendant's belief that no incriminating evidence will be found.

*Id.* at 436 & n.21 (internal quotation marks and citation omitted).  No single factor is dispositive.  *Id.* at 436.  "Where the judge bases a finding of consent on the oral testimony at a suppression hearing, the clearly erroneous standard is particularly strong since the judge had the opportunity to observe the demeanor of the witnesses."  *Id.* (internal quotation marks and citation omitted).

Following an evidentiary hearing, the district court determined that Springer voluntarily consented to the search of his bag because there was no evidence of police coercion and Springer was given two opportunities to refuse consent.  A weighing of the pertinent factors supports the district court's determination that Springer voluntarily consented to the search of his duffel bag.  *See Solis*, 299 F.3d at 436 & n.21; *United States v. Tompkins*, 130 F.3d 117, 121-22 (5th Cir. 1997).  Accordingly, the judgment of the district court is AFFIRMED.